IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DANIEL T. SACHO AND MAUREEN A. SACHO,<br><br>Plaintiff,<br><br>Vs.<br><br>WINCHESTER NORTH BEACH TOWERS, LLC, WINCHESTER NORTH BEACH MANAGEMENT CORP., CENTURY 21 BOLING & ASSOCIATES, INC., THE HOFFMAN GROUP, MARK BOLICK, and MEREDITH MCWHORTER,<br><br>Defendants. | Civil Action No.: 09:<br><br><br><br><br><br>**COMPLAINT**<br>**(Jury Trial Demanded)**<br>**(Interstate Land Sales Act)**<br>**(Unfair Trade Practices Act)**<br>**(Breach of Contract)** |

Plaintiffs Daniel T. Sacho and Maureen A. Sacho, complaining of the above-referenced Defendants allege and say as follows:

**Jurisdiction and Venue**

1. Plaintiffs Daniel T. Sacho and Maureen A. Sacho (collectively, the "Sachos" or "Plaintiffs") are citizens and residents of the State of Wisconsin.

2. Plaintiffs are informed and believe Winchester North Beach Towers, LLC ("Winchester"), is a limited liability company organized and existing under the laws of the State of South Carolina, managed by Defendant Winchester North Beach Management Corp. ("WBT"), with a principal place of business in Horry County, Myrtle Beach, South Carolina.

3. Plaintiffs are informed and believe The Hoffman Group ("Hoffman") is a limited liability company organized and existing under the laws of South Carolina with a principal place of business in Horry County, South Carolina.

4.      Plaintiffs are informed and believe that Mark Bolick is a citizen and resident of one of the fifty United States of America, and is a licensed realtor in South Carolina.

5.      Plaintiffs are informed and believe that Meredith McWhorter is a citizen and resident of one of the fifty United States of America, and is a licensed realtor in South Carolina.

6.      Plaintiffs are informed and believe that Century 21 Boling & Associates, Inc., ("Century")  is a domestic corporation organized and existing under the laws of South Carolina with a principal place of business in Horry County, South Carolina.

7.      Jurisdiction is founded upon federal question jurisdiction under Title 28, U.S. Code, Section 1331 because Plaintiffs claims arise under the laws of the United States.

8.      Jurisdiction is founded upon diversity of citizenship and the requisite jurisdictional amount under Title 28, U.S. Code, Section 1332.

9.      Venue is proper in this Division of this District under Title 28, U.S. Code, Section 1391 (b) and (c).

## Background

10.     Defendant Winchester is a developer engaged in the development, construction, and sale of condominium units in the North Beach Horizontal Property Regime ("North Beach Property Regime") located in North Myrtle Beach, South Carolina.

11.     The North Beach Property Regime is a condominium project (the "Development") being constructed on a tract of land situated in North Myrtle Beach, Horry County, South Carolina on a portion of real property identified by Horry County as Tax Map Number 156-05-07-055.

12.     The North Beach Property Regime is a part of North Beach Plantation, a planned unit development in North Myrtle Beach, Horry County, South Carolina.

13.     The real property upon which the condominium units within the Development are situated is contiguous.

14. The Development involves a condominium regime to be divided into individually owned condominium units for the purpose of sale as part of a common promotional plan.

15. Upon information and belief, Defendants Century, McWhorter and Bolick are agents representing or acting on behalf of Defendant Winchester in connection with the sale of condominium units in the North Beach Property Regime.

16. Defendants Winchester, WBT, Hoffman, Century, McWhorter, and Bolick undertook a common promotional plan designed to advertise and offer for sale condominium units within the Development.

17. Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick, directly and indirectly, sold and offered for sale condominium units within the Development.

18. Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick advertised the sale of the condominium units within the Development within the channels of interstate commerce.

19. Upon information and belief, Defendant Winchester, or its agent or agents, filed a statement of record with the Office of Interstate Land Sales Registration within the United Stated Housing and Urban Development ("HUD") regarding the Development.

20. Upon information and belief, Defendant Winchester, or its agent or agents, prepared a property report ("Property Report") relating to the condominium units within the Development.

21. This Property Report was not presented to the Plaintiffs in direct violation of statute.

22. Further, the Property Report prepared by Defendant Winchester which was obtained by our firm from HUD does not include a range of selling prices at which Defendant Winchester proposed to dispose of condominium units in the Development in direct violation of statute.

23. On or about July 10, 2006, Plaintiffs and Defendant Winchester entered into that certain Purchase Agreement for North Beach Horizontal Property Regime ("Contract") pursuant to which Plaintiffs agreed to purchase, and Defendant Winchester agreed to sell, a two (2) bedroom condominium unit known as Unit 1711 within the North Beach Property Regime (the "Unit").

24. The purchase price set forth in the Contract was Five Hundred Nine Thousand and Nine Hundred Dollars and No/100ths ($509,900.00) Dollars ("Purchase Price").

25. Upon execution of the Contract, Plaintiffs deposited with Defendant Winchester a purchase price deposit in the amount of Fifty Thousand Nine Hundred and No/100ths ($50,900.00) Dollars (the "Deposit")

26. Plaintiffs did not receive a Property Report, amended or otherwise, prior to or after executing the Contract.

27. Plaintiffs are aware that a document purporting to be a Property Report is in circulation, although it was not presented to them.

28. After execution of the Contract, Plaintiffs received from Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick that certain Receipt, Agent Certification, and Cancellation Page Purchaser Receipt (the "Receipt").

29. On February 5, 2009 Plaintiffs received a certain Amendment to Purchase Agreement for North Beach Horizontal Property Regime wherein Defendant Winchester offered to modify the Purchase Price (the "Amendment").

30. A purchase price modification is a material change to a contract.

31. Plaintiffs did not receive an updated Property Report prior to receiving the offer of Amendment.

32. According to the Contract, Defendant Winchester reserved the right to use the Deposit for payment of construction costs associated with the Development so long as Defendant Winchester obtained a payment and performance bond for the general contractor constructing the North Beach condominium project.

33. Upon information and belief, Defendant Winchester failed to obtain a payment and performance bond.

34. According the Contract, the Contract may not be changed or modified without a written instrument executed by Plaintiffs and Defendant Winchester.

35. According to the Contract, Defendant Winchester agreed to provide architectural and engineering plans and specifications substantially in accordance with the preliminary architectural renderings prepared by Pegram & Associates, Inc. ("Architectural Plans") and agreed to construct the Unit "substantially in accordance with plans and specifications for North Beach . . ." ("Construction Plans").

36. According to the Contract, Defendant Winchester anticipated submitting the real property within the Development to a Master Deed creating the North Beach Horizontal Property Regime (the "Master Deed").

37. According to the Contract, Defendant Winchester anticipated filing a "Master Declaration" including a Declaration of Covenants, Conditions, Easements, and Restrictions for the North Beach Master Association to be recorded in the records of Horry County, South Carolina (the "Master Declaration").

38. According to the Contract, the Master Declaration would also provide for the maintenance and operation of "certain amenities within North Beach Plantation including, but not limited to, the roadways (together with the associated drainage, landscaping, and other facilities), as well as the oceanfront amenity complex to be constructed."

39. According to the Contract, the Master Declaration establishes the rights of owners and guests to use the oceanfront amenity center together with other common areas and common area easements established pursuant to the Master Declaration.

40. Defendant Winchester failed to provide Plaintiffs Architectural Plans, Construction Plans, Master Deed, and Master Declaration prior to or after execution of the Contract or Amendment.

41. Upon information and belief, Defendant Winchester made material changes to the Architectural Plans, Construction Plans, Master Deed, and the Master Declaration prior to or after Plaintiffs execution of the Contract and the Amendment.

42. Upon information and belief, Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick did not notify disclose, or otherwise inform Plaintiffs of such material changes prior to or after Plaintiffs execution of the Contract or presentation of the Amendment.

43. Defendant Winchester's registration with the United States Department of Housing and Urban Development has been suspended.

**FOR A FIRST CAUSE OF ACTION**
(Violation of the Interstate Land Sales Full Disclosure Act – 15 U.S.C. § 1701, *et. seq.*
– Failure to Provide Property Report)

44. Plaintiffs restate and reallege each and every allegation in Paragraphs 1 through 43 above as if fully restated herein.

45. The Development is a planned unit development consisting of, among other things, a condominium regime constructed or to be constructed in North Myrtle Beach, South Carolina.

46. Upon information and belief, the Development is registered, but suspended, under the Interstate Land Sales Full Disclosure Act, 15 U.S.C.A §§ 1701, et seq. (the "Act") with the United States Department of Housing and Urban Development.

47. Upon information and belief, Defendant Winchester, or its agent or agents, prepared a Property Report relating to the condominium units within the Development as required by the Act.

48. On or about June 26th, 2006, Plaintiffs and Defendant executed the Contract.

49. Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick failed to provide Plaintiffs with a copy of the Property Report in advance of Plaintiffs execution of the Contract and Amendment as required by the Act.

50. Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick violated the Act by failing to provide to Plaintiffs a Property Report in advance of Plaintiffs' execution of the Contract and the Amendment.

51. Defendants McWhorter and Bolick signed a document which made an untrue assertion or assertions stating that the Plaintiffs were presented with a Property Report and signed same within their presence.

52. As a result of the abovementioned violations, Plaintiffs have been damaged for which they hereby sue for enforcement of their right to revoke, rescind or otherwise cancel or void the Contract, and to collect damages together with actual attorneys' fees, costs, and interest in an amount to be determined.

**FOR A SECOND CAUSE OF ACTION**
(Violation of the Interstate Land Sales Full Disclosure Act - 15 U.S.C. § 1701
-Failure to Disclose Material Changes)

53. Plaintiffs restate and reallege each and every allegation in Paragraphs 1 through 52 above as if fully restated herein.

54. Upon information and belief, Defendant Winchester, and/or its agent or agents, prepared and submitted to the United States Department of Housing and Urban Development a statement of record relating to the Development (the "Statement of Record").

55. Subsequent to the filing of the Statement of Record, changes to the Development occurred affecting material facts required to be contained in the Statement of Record including without limitation changes to the Architectural Plans, the Construction Plans, Master Deed and Master Declaration.

56. According to the Act, Defendant Winchester is required to file an amendment to the Statement of Record to reflect any changes of material fact required to be contained in the Statement of Record.

57. A Property Report, provided in accordance with the Act, must contain information set forth in the Statement of Record and any amendments thereto.

58. In addition to not providing Plaintiffs with an original Property Report, Defendant Winchester did not provide Plaintiffs with an amended or updated Property Report subsequent to any changes of material fact within the Statement of Record.

59. As a result of the abovementioned violations, Plaintiffs have been damaged for which they hereby sue for enforcement of their right to revoke, rescind or otherwise cancel or void the Contract, and to collect damages together with actual attorneys' fees, costs, and interest in an amount to be determined.

### FOR A THIRD CAUSE OF ACTION
(Unfair Trade Practices – S.C. Code § 35-9-10, *et.seq.*)

60. Plaintiffs restate and reallege each and every allegation in Paragraphs 1 through 59 above as if fully restated herein.

61. The abovementioned actions by Defendants Winchester, WBT, Century, Hoffman, McWhorter, and Bolick constitute unfair or deceptive trade acts or practices in the conduct of trade/commerce and are unlawful as set forth by S.C. Code of Laws § 39-5-20. et seq.

62. Pursuant to S.C. Code Ann. §35-5-20 et seq, Defendants' conduct, as set forth throughout the Complaint, constitute an unfair method of competition and unfair and deceptive trade acts or practices. The conduct has had, and will have, an adverse impact on the public interest in as much as the conduct has potential for repetition, and actually has been repeated.

63. The conduct of Defendants is a willing and knowing violation of S.C. Code Ann. §35-5-20 et seq. and has, and will continue to, proximately cause damage to Plaintiffs. Accordingly, pursuant to S.C. Code Ann. §35-5-140, Plaintiffs are entitled to recover from Defendants such damages as it may prove at trial, and to have those damages trebled. In addition, Plaintiffs are entitled to recover its reasonable attorney's fees and costs, pursuant to S.C. Code Ann. §35-5-140.

### FOR A FOURTH CAUSE OF ACTION
(Breach of Contract)

64. Plaintiffs restate and re-allege each and every allegation in Paragraphs 1 through 63 above as if fully restated herein.

65. On or about July 10, 2006, Plaintiffs and Defendant Winchester entered into the Contract.

66. The Contract includes provisions regarding Construction Plans, Architectural Plans, the Master Deed and the Master Declaration.

67. Defendant Winchester has enacted material changes to the Construction Plans, Architectural Plans, the Master Deed and the Master Declaration.

68. The material changes to the Contract were enacted without Plaintiffs' knowledge or consent.

69. Defendant Winchester breached the Contract by effecting material changes regarding Construction Plans, Architectural Plans, the Master Deed and the Master Declaration without Plaintiffs' consent.

70. As a result of Defendant Winchester's breach, Plaintiffs have been damaged for which they hereby sue together with actual attorneys' fees, costs, and interest in an amount to be determined by a jury.

WHEREFORE, Plaintiffs pray that this Honorable Court issue its Order:

(a) Granting Plaintiffs judgment against Defendants under the First Cause of Action for rescission of Contract, and damages in the amount of the Deposit attorney's fees, costs and interest;

(b) Granting Plaintiffs judgment against Defendants under the Second Cause of Action for rescission of Contract, and damages in the amount of the Deposit attorney's fees, costs and interest;

(c) Granting Plaintiffs judgment against Defendants under the Third Cause of Action awarding treble damages and attorneys' fees together with such other and further relief deemed just and proper by this Court;

(d) Granting Plaintiffs judgment against Defendants Winchester North Beach Towers, LLC for the Fourth Cause of Action rescinding the Contracts together with such other and further relief deemed just and proper by this Court, including without limitation a refund of all sums paid by Plaintiffs to Defendant

Winchester related to the purchase of the Unit, actual attorney's fees, costs, and interest;

(e) Granting Plaintiffs an award of interest, costs, and attorneys' fees yet to be determined in this action; and

(f) Granting Plaintiffs such other and further relief as may be just and proper.

                              OLSON & GOOD, P.C.

By:    s/ Daniel M. Bradley
        C. Clay Olson, Fed. ID No: 7942
        Daniel M. Bradley, Fed. ID No.: 9457
        501 Bramson Court, Suite 100
        Mount Pleasant, SC  29464
        Telephone:    (843) 654-1022
        Facsimile:     (843)-884-3800
        Email: clay.olson@olsonfirm.com
                dan.bradley@olsonfirm.com
        **Attorneys for Plaintiffs**

October 2, 2009